Nicholson, C. J.,
delivered the opinion of the Court.
This is an action of trover, commenced in 1865, by Brown against Haywood, for the conversion of personal property. After the pleadings were made up at the January Term, 1867, the defendant moved the court for a change of the venue in the cause, and, in support of his motion, adduced the affidavits of six citizens: “And it appearing to the court from said affidavits, that a change of venue in this cause ought to he granted: It is therefore considered hy the court, that said cause he removed to the Circuit Court of Lauderdale county, State of Tennessee, for trial thereof.”
An order was made for transmitting the papers in the cause to the Clerk of the Circuit Court of Lauderdale county.
This proceeding took place under sections 2837, 2838; 2839 of the Code. By these sections it is provided, that upon affidavits, that owing to prejudice or other causes then existing, a party cannot have a fair and impartial trial in the county where the cause is pending, if the presiding judge should be of opinion that the cause set forth is good, and the truth thereof evident and credibly supported, he shall allow the change asked for.
In this case, the presiding judge was of opinion that the cause set forth was good, and was *359 credibly supported, and thereupon ordered the transfer of the cause.
The legal effect of this judicial action was to divest the Circuit Court of Haywood county of jurisdiction in the cause, and to vest the jurisdiction for its trial in the Circuit Court of Lauderdale.
In pursuance of the order of the Judge of the Circuit Court of Haywood, the cause was transferred to the Circuit Court of Lauderdale county. At the July Term thereof, the plaintiff having-produced and filed the affidavits of four persons “that they áre now and ever have been, ‘unconditional Hnion men’ — that they are citizens of Haywood county, Tennessee — and that justice can he done to all these parties in these suits, should the same he moved hack and tried í)y jurors of said county, State of Tennessee: It is therefore ordered hy the court that the venue be changed to Haywood,” etc.
In pursuance of this order, the cause was transferred back to Haywood county, and at the January Term, 1870, the defendant moved the Court to strike the cause from the docket for want of jurisdiction, which motion was sustained by the court, and it was ordered that the papers be transmitted to the Clerk of the Lauderdale Circuit Court. Prom this order the plaintiff appealed to this Court.
The ground upon which the cause was stricken from the docket was, that the Judge of the Circuit Court for Lauderdale county had no power to order the cause to be transferred to the Circuit *360 Court of Haywood county, and, therefore, that the cause was improperly on the docket of that court.
' This raises the question, whether the Act of 1867, c. 36, s. 8, p. 57, was constitutional or not. It is as follows:
Sec. 8. “ That in any county of this State where civil law suits have been removed from the county in which they had been originally brought, shall be transferred back to the county where they were originally brought, upon the affidavits of three unconditional Union men of the county where the suit was originally brought, that justice can be done all the parties; and then the same shall be tried, as in other cases.”
Before proceeding to inquire into the constitutional . po’syer of the Legislature to enact this law, it will be useful to ascertain clearly what was its meaning and object.
The act, of which this section is a part, is one of the most remarkable to be found on the statute books. It is made up of at least seven distinct statutes, each one relating to a distinct subject, each one a complete law in itself, and yet all embraced as one statute under the title: “An Act to amend section 2114, Art. 2, chap. 4, of the Code of Tennessee; and for other purposes.” It was an omnibus bill in its most odious shape.
The first two sections amend the homestead law. The third abolishes the registration of voters in Davidson county, under the franchise Act of 1866. The fourth authorizes the G-overnor to abol- *361 isb tbe registration in any other county. The fifth makes it a misdemeanor to vote upon one of the abolished certificates. The sixth repeals the law for enrolling state prosecutions. The seventh relates to affixing seals to bills of costs by clerks. The eighth relates to change of venire in civil suits. The ninth exempts wages of laboring persons from garnishment. The tenth abolishes all distinction between legitimate and illegitimate children in the distribution of the mother’s estate. The tenth gives the act effect from its date, which was March 8, 1867.
It is readily apparent that we can derive no aid in ascertaining the meaning and object of the legislature in the passage óf the 8th section, from looking to the other sections.
If we should take the section as it stands, without ' giving it the benefit of a liberal construction, We should have to say that it is meaningless and purposeless. It contains no nominative to the verb “shall be transferred,” literally it does not declare what is to be 'transferred back — but when we can see that it was the transfer of “civil law suits” that they were trying to provide for, we cannot refuse to overlook the grammatical dereliction apparent in the section. We can see and so hold, that the purpose was to provide an easy and expeditious mode by which certain law suits pending-in certain counties, by change of venue, might be summarily sent back to the counties where the suits were originally brought. The character of *362 these suits is developed by the extraordinary provision, that they are to be sent back on the affidavits of “three unconditional TJnion men!” The next noticeable feature in the section is, that upon the presentation of the affidavits of three unconditional Union men, the Judge has no discretion— the law says to him, he shall transfer the cause back. The party to the suit is required to make no affidavit that he cannot get justice in the county where the suit is pending — all that is required is, that three unconditional Union men shall swear that the parties can have justice in the county where the suit originated — the act impresses verity and infallibility on their swearing — although the presiding Judge may know that the affidavits are false, yet he is ordered imperatively by the legislature to enter up a judgment transferring the cause to the county from which it came.
It is to be observed that the operation of the act is limited to civil law suits which had been transferred before the passage of the act, and which were then pending in the counties to 'which they had been transferred. It has no application to suits that may hereafter -be transferred, but its whole force is to be spent in regulating the trial of causes then pending. When these cases should be disposed of, as ordered by the legislature, the act will have performed its object, and ceased to have vitality. That the act was intended as a temporary expedient, for the special regulation of the trials then pending, is made manifest from the fact that there is no inti *363 mation that the existing laws regulating the change of venue in civil cases were to be affected, amended or altered. It is clear that the whole purpose of the act was to reverse and supersede the orders made in pursuance of existing laws as to certain cases then pending. It was not simply a special act, for the benefit of a few, and not applicable to all suitors alike, and, therefore, in violation of article 1, sec. 8, of the Constitution; but it was an indirect assumption of judicial powers, in violation of article 2, sec. 1, of the same instrument: See 2 Yer., 554; 2 Hum., 285; 3 Hum., 490; 2 Sneed, 104; Cooley’s Constitutional Lim., 390, 353.
It follows that the order made by the Court at the July Term, 1867, of the Circuit Court of Lauderdale county, transferring the cause to the Circuit Court of Haywood county, was null and void, and hence, that the Circuit Court of Haywood county had no jurisdiction of the cause. It was, consequently, properly stricken from the docket.
The judgment of the Court below is affirmed, and the papers will be transmitted to the Lauder-dale Circuit Court.